UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | ACTION NO. _____ |
| DAVID J. JOHNSON, P.C.; DAVID J. JOHNSON; CYNTHIA BRIGANCE; NOTREDAN, L.L.C.; REALTY TITLE AND ESCROW COMPANY, INC.; ALAN MICHAEL ALABASTER, M.D.; and STEVEN ALABASTER, M.D., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR RESCISSION AND
DECLARATORY JUDGMENT**

Colony Insurance Company ("Colony") files this Complaint for Rescission
and Declaratory Judgment.

**PARTIES**

1.

Colony, plaintiff herein, is incorporated under the laws of Virginia with its
principal place of business in Virginia.

2.

David J. Johnson, P.C. ("DJPC"), a defendant herein, is a law firm incorporated under the laws of Tennessee with its principal place of business in Tennessee. DJPC can be served through its registered agent, David J. Johnson, Esq., at 1709 Kirby Parkway, Memphis, TN 38120. DJPC seeks coverage under a Colony policy. Once served, DJPC will be subject to the personal jurisdiction of this Court.

3.

David J. Johnson, a defendant herein, is a resident of Tennessee and may be served at 3679 Charles Wood Ave., Memphis, TN 38122. Johnson seeks coverage under a Colony policy. Once served, he will be subject to the personal jurisdiction of this Court.

4.

Upon information and belief, Cynthia Brigance, a defendant herein, is a resident of Mississippi and may be served at 4202 Blackstone Drive, Horn Lake, MS 38637. Brigance may seek coverage under a Colony policy for liability claims asserted against her. Once served, she will be subject to the personal jurisdiction of this Court.

5.

Notredan, L.L.C. ("Notredan"), a defendant herein, is a business incorporated under the laws of Tennessee with its principal place of business in Tennessee and may be served through its registered agent, Dannie H. Anderton at 1005 Pea Ridge Rd., Tiptonville, TN 38079.   Notredan asserts liability claims against DJPC and Johnson and is joined properly so it will be bound by the coverage rulings of this Court.   Once served, Notredan will be subject to the personal jurisdiction of this Court.

6.

Realty Title and Escrow Company, Inc. ("Realty Title"), a defendant herein, is a business incorporated under the laws of Tennessee with its principal place of business in Tennessee and may be served through its registered agent Julie G. Moss at 6525 Quail Hollow, Suite 100, Memphis, TN 38120.  Realty Title asserts liability claims against DJPC, Johnson, and Brigance and is joined properly so that it will be bound by the coverage rulings of this Court.  Once served, Notredan will be subject to the personal jurisdiction of this Court.

7.

Upon information and belief, Michael Alabaster, a defendant herein, is a resident of Tennessee and may be served at 6525 Cherryhill Ridge, Memphis,

Tennessee 38120.  Alabaster asserts liability claims against DJPC and Johnson and is joined properly so that he will be bound by the coverage rulings of this Court. Once served, Alabaster will be subject to the personal jurisdiction of this Court.

8.

Upon information and belief, Steven Alabaster, a defendant herein, is a resident of Washington and may be served at 2200 2nd Avenue, Apartment 1505, Seattle, WA 98121.  Steven Alabaster asserts liability claims against DJPC and Johnson and is joined properly so that he will be bound by the coverage rulings of this Court.  Once served, Steven Alabaster will be subject to the personal jurisdiction of this Court.

## JURISDICTION AND VENUE

9.

There is complete diversity of citizenship between plaintiff and defendants.

10.

The amount in controversy exceeds $75,000.

11.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201.

-4-

12.

There is an actual controversy with respect to Colony's obligations, if any, pursuant to an insurance contract that was delivered in Shelby County, Tennessee that lies in the Western Division of this Court.  In addition, defendants DJPC and Mr. Johnson reside in Shelby County, Tennessee.  Venue is therefore proper under 28 U.S.C. §§ 1391(a)(1) and (2).

## UNDERLYING LAWSUITS

13.

On or about June 8, 2011, DJPC and Johnson were sued in the matter of Notredan, L.L.C. vs. David J. Johnson, P.C. and David J. Johnson, Chancery Court of Shelby County, Tennessee, Thirtieth Judicial District at Memphis, Case No. CH-11-0978-3 ("Notredan Case").  Notredan alleges that DJPC failed to transmit $525,000 it had received as Notredan's closing agent.  Notredan alleges that Johnson indicated that the funds were erroneously transferred to an unrelated entity and would be retrieved.  A true and complete copy of the complaint filed in the Notredan Case is attached as Exhibit A.

14.

Colony has been defending the Notredan Case under a reservation of rights, a true and complete copy of which is attached as Exhibit B.

15.

Upon information and belief, a motion for judgment on the pleadings has been granted in favor of Notredan and against DJPC and Johnson in the amount of $525,000.

16.

On July 29, 2011, Johnson forwarded a copy of the complaint to Colony via facsimile in the matter of <u>Realty Title and Escrow Co., Inc. v. David J. Johnson, P.C., David J. Johnson and Cynthia Brigance,</u> The Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, Case No. CH-11-0777-1 ("Realty Title Case").  Also on July 29, 2011, Johnson forwarded to Colony via facsimile the first page of interrogatories that were addressed to him in the matter of <u>Alan Michael Alabaster, M.D. and Steven Alabaster, M.D. v. David J. Johnson and David J. Johnson, P.C.,</u> Chancery Court of Shelby County, Thirtieth District of Tennessee at Memphis, Case No. CH-11-1175-1 ("Alabaster Case").  A true and complete copy of the facsimile correspondence is attached as Exhibit C.

17.

In its complaint, which was filed on May 4, 2011, Realty Title alleged that DJPC failed to transmit $206,838.01 it had received as Realty Title's closing agent. Realty Title alleges the trust fund check, which was signed by Brigance, was

returned for insufficient funds after title in the property had already transferred to the purchaser.  When Realty Title attempted to recover these sums from the DJPC trust account, it alleges it was initially told on April 26, 2011, that there was a bank error that would be corrected.  Realty Title further alleges that it was then told on April 27, 2011, that the funds were erroneously transferred to an unrelated entity.

18.

Colony has not been provided a copy of the pleadings in the Alabaster case. Upon information and belief, the Alabasters allege similar claims of misappropriation of trust account funds.

19.

On September 8, 2011, Colony transmitted correspondence to DJPC and Johnson reserving its rights under the policy and the applicable law.  A true and correct copy of the reservation of rights letter is attached as Exhibit D.

**THE INSURANCE CONTRACT**

20.

Colony issued policy number EO406341 to "David J. Johnson, P.C." as the named insured for the period May 2, 2011 to May 2, 2012 with a retroactive date of May 2, 2005 (the "Policy") and with limits of $500,000 per claim and $1,000,000 in the aggregate.  The Policy was cancelled for nonpayment of

-7-

premium effective August 2, 2011.  A complete copy of the policy is attached as Exhibit E.

21.

The Policy was issued based on representations made in an application submitted by DJPC.  In that application, DJPC indicated that no claims had been alleged against any of the attorneys in the firm in the past five years.  DJPC warranted that the information in the application was true "and that it shall be the basis of insurance and deemed incorporated therein."  That application also informed DJPC that Colony would rely on the application and that if "the information in this application or any attachment materially changes between the date this application is signed and the effective date of the policy, [DJPC] will promptly notify [Colony], who may modify or withdraw any outstanding quotation or agreement to bind coverage."  A complete copy of the application is attached as Exhibit F.

22.

The Policy applies to "claims" that are "reported in writing to [Colony] subsequent to the effective date and prior to the expiration date of the [policy]."  The term "Claim" is defined in pertinent part as "a demand for monetary 'damages' arising out of a 'legal service' made against any insured."  The term

"legal services" is defined in pertinent part as the "usual and customary services of a licensed lawyer in good standing acting by or on behalf of the "Named Insured." The definition of "legal services" includes services in a "fiduciary" capacity for clients of DJPC.   The term "damages" is defined as "judgments, awards and settlements an insured is legally obligated to pay as a result of a 'claim' to which this policy applies."

23.

The Policy does not apply to any claim "[b]ased on or directly or indirectly arising from . . . [a] 'Legal Service' rendered prior to the effective date of the Policy if any insured knew or could have reasonably foreseen that the 'Legal Service' could give rise to a 'Claim'."

24.

The Policy also does not apply to any claim "[b]ased on or directly or indirectly arising out of the rights or duties under any agreement including disputes over fees for services."

25.

The Policy also excludes claims:

Based on or directly or indirectly arising out of or arising out of or resulting from:

(1)    any act with knowledge of its wrongful nature or with the intent to cause damage;

(2)    the gaining by any insured of any personal profits, gain or advantage which an insured is not legally entitled; or

(3)    any criminal, fraudulent or dishonest act.

However, [Colony] shall defend such allegations against any insured if it involves a "claim" otherwise covered under the Policy until final adjudication.

26.

The Policy does not apply to payment of any fine, sanction, or penalty against any insured.  It also does not apply to punitive, exemplary or multiple damages or claims for equitable or non-pecuniary relief.

27.

The Policy further provides the following "Representations:"

You, through your insurance agent or broker have provided information to us which has induced us to issue this policy.  Included in this information are an "application" and other correspondence including history regarding your losses, "claims" or incidents which may give rise to "claims" or suits.  This history includes a listing of such losses, "claims" or incidents regardless of whether or not insurance may apply.

This information is incorporated into the policy and is material to our decision to issue this policy.  You should review this information carefully, as the truth of this information was of paramount importance in influencing

-10-

our decision to offer the terms and conditions under which this policy is issued.

You, on behalf of all insureds, warrant the truth of such information as of the effective date of this policy.  You declare that you know of no "claim", incident, event, offense or circumstance which has taken place or becomes known prior to the effective date of this policy which may render inaccurate, untrue, incomplete or misleading any information or statement made in the "application" or other correspondence which is provided.

You understand that if such information is false or misleading, it may limit or void coverage under this policy.

28.

The Policy was delivered to DJPC in Tennessee.  Accordingly, Tennessee contract law provides the substantive rules of decision.

## COUNT I

## RESCISSION BASED ON  MATERIAL MISREPRESENTATION IN THE APPLICATION FOR INSURANCE

29.

The allegations contained in paragraphs 1-28 are incorporated by reference as if set forth especially herein.

30.

DJPC failed to inform Colony that, subsequent to submitting its application for insurance and prior to the inception of the Policy, information contained in the

application regarding possible claims against it had been rendered inaccurate, untrue, or incomplete.   Prior to the inception of the Policy, DJPC should have known or reasonably foreseen that it provided a "legal service" which could give rise to a "claim."   This omission was a misrepresentation that was material as it increased the risk of loss that Colony agreed to insure.   Colony seeks an order rescinding and voiding the Policy *ab initio* under T.C.A. § 56-7-103.

**COUNT II**

**DECLARATORY JUDGMENT BASED ON A BREACH OF
THE REPRESENTATIONS CONTAINED IN THE POLICY**

31.

The allegations contained in paragraphs 1-30 are incorporated by reference as if set forth especially herein.

32.

The Policy contains representations that DJPC warranted the truth of the information in the application "as of the effective date of this policy" and declared that it knew of "no 'claim', incident, event, offense or circumstance which has taken place or becomes known prior to the effective date of this policy which may render inaccurate, untrue, incomplete or misleading any information or statement made in the 'application' or other correspondence which is provided."   DJPC

further represented that "if such information is false or misleading, it may limit or void coverage under this policy."

33.

This omission was a misrepresentation that was material as it increased the risk of loss that Colony agreed to insure.

34.

Colony seeks a declaration of no coverage for the Notredan Case, Realty Title Case, and Alabaster Case based on a breach of the representations in the Policy.

## COUNT III

## DECLARATORY JUDGMENT OF NO COVERAGE BASED ON THE PROVISIONS OF THE POLICY

35.

The allegations contained in paragraphs 1-34 are incorporated by reference as if set forth especially herein.

36.

The liability claims seek to recover for damages that are based on or directly or indirectly arise from legal services that were rendered prior to the inception date of the Policy on May 2, 2011.

37.

The factual bases for the liability claims were known or could have reasonably been foreseen by an insured under the Policy prior to the inception date of the Policy on May 2, 2011.

38.

The liability claims are based on the rights and duties of an alleged agreement to remit funds.

39.

The liability claims are based on or directly or indirectly arising out of or arising out of or resulting from (1) an act with knowledge of its wrongful nature or with the intent to cause damage; (2) the gaining by any insured of any personal profits, gain or advantage which an insured is not legally entitled; or (3) any criminal, fraudulent or dishonest act.

40.

Colony has been prejudiced by the breach of conditions precedent to coverage in the policy including but not limited to the requirement that it receive notice of the liability claims "as soon as practicable."

41.

Based on all the terms, conditions and exclusions in the Policy (whether expressly mentioned or identified in this complaint or not), as well as under relevant legal principles and public policy considerations, Colony is entitled to a declaration that it has no duty to defend or indemnify the liability claims asserted by Notredan, Realty Title, or the Alabasters.

**PRAYERS FOR RELIEF**

42.

WHEREFORE, Colony prays for the following relief:

    (a)    rescission of the Policy based on misrepresentations and omissions in the application;

    (b)    a declaration that Colony has no duty to defend or indemnify the claims asserted in the Notredan Case, the Realty Title Case, or the Alabaster Case based on a breach of Representations in the Policy;

    (c)    a declaration that Colony has no duty to defend or indemnify the claims asserted in the Notredan Case, the Realty Title Case, or the Alabaster Case based the provisions of the Policy;

(d)      a trial by jury on all issues so triable; and

(e)      such other and further relief that justice requires.

FREEMAN MATHIS & GARY, LLP


____/s/ Philip W. Savrin_____
Philip W. Savrin
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
psavrin@fmglaw.com

Attorneys for Plaintiff

-16-